***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EARL COHEN, | |
| Petitioner, | Civil Action No. 15-5874 (MAS) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**SHIPP, District Judge:**

*Pro se* Petitioner Earl Cohen, confined at the Federal Correctional Institution in Fort Dix, New Jersey, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging a sentence imposed by this Court in *United States v. Cohen*, No. 13-cr-0616, ECF No. 21 (D.N.J. entered Aug. 21, 2014) ("Crim. Dkt."), for unlawful possession of a firearm by a convicted felon. For the reasons stated below, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

On August 21, 2014, pursuant to a guilty plea, this Court issued a judgment against Petitioner for one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922(g)(1). (J. 1, Crim. Dkt., ECF No. 21.) Based on the findings in the Pre-Sentencing Report ("PSR") that he was subjected to a total offense level of 21 and a criminal history category of IV, (PSR at 24), the Court imposed a 71-month imprisonment sentence on Petitioner. (J. at 2.) Petitioner did not appeal the Court's judgment and sentence.

During pre-sentencing, after a draft PSR was submitted to the parties, Petitioner's counsel objected to the criminal history calculation. In a letter to the probation officer who drafted the

PSR, counsel argued that Petitioner should not have received any criminal history points for a prior offense in state court, a receiving stolen property conviction. (Counsel's Letter 1, July 14, 2014, Addendum to PSR.) Counsel argued that because Petitioner was released for said offense on April 27, 1987, and the instant crime occurred on April 27, 2013, more than fifteen years had passed since Petitioner's incarceration, so it should not have been included in the criminal history calculation.[1] (*Id.*) In response, in the final PSR, the probation officer stated that while Petitioner was released to home confinement, under an early release program, for the stolen property offense on April 9, 1997, he was almost immediately found to have violated the terms of his home confinement, and was arrested again on February 3, 1998. (Addendum to PSR 1.) The probation officer further stated that Petitioner then served out the remainder of his original sentence, which expired on July 24, 1999. (*Id.*) Since the last date of incarceration was within fifteen years of the instant offense, the probation officer rejected counsel's argument, finding that the appropriate criminal history points had been assigned to the prior offense. (*Id.*)

In the instant Motion, Petitioner raises just one ground for relief, that his counsel was ineffective in challenging the criminal history calculation, specifically with regard to the stolen property offense. (Am. Mot. 4, ECF No. 3; Pet'r's Br. 2, ECF No. 3-1.) He alleges that he asked counsel to challenge this issue, but counsel would not. (Pet'r's Br. 2.) Subsequent to filing the Motion, he filed a motion to take judicial notice, asserting various facts that he wants this Court to accept. (Mot., ECF No. 8.) In that motion, Petitioner concedes that he was indicted for escape from detention in violation of the terms of his home confinement, and was subsequently re-incarcerated. (*Id.* at 2.) However, he asserts that due to various jail time credits, he was actually

---

[1] The PSR indicates that the instant offense occurred on April 23, 2013 instead. (Addendum to PSR 1.)

2

released from custody "on or about July 1998." (*Id.*) He argues that his incarceration for the stolen property offense ended more than fifteen years prior to the instant offense, and therefore should not have been included in the criminal history calculation. (*Id.*)

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug.26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[2] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Here, Petitioner cannot satisfy either prong of the *Strickland* test. First, although he alleges that counsel would not challenge the inclusion of the stolen property offense in the criminal history

---

[2] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

4

calculation, the record clearly contradicts this allegation. As summarized in the background section, counsel *did* challenge that inclusion after receiving the draft PSR, but the probation officer rejected the challenge, and carefully laid out the relevant dates to show why the stolen property offense was included. Petitioner cannot raise an ineffective assistance of counsel claim simply because he is unhappy that counsel was not successful. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 ("[A]n [ineffective assistance of counsel] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."); *Kim v. United States*, No. 05-3407, 2006 WL 981173, at *3 (D.N.J. Apr. 4, 2006) ("[T]hat [he] now appears unhappy with the result does nothing to change the fact that there is not the slightest indication that petitioner received ineffective assistance of counsel.").

Furthermore, Petitioner falls far short of establishing prejudice. The PSR stated that Petitioner was released from custody for the stolen property offense on July 24, 1999, which was within fifteen years of the instant offense that occurred on April 23, 2013. Petitioner challenges this finding in his motion to take judicial notice, instead asserting that he was released from custody in July 1998. However, even if the Court accepts his assertion as true, July 1998 was *still* within fifteen years prior to April 23, 2013. As the PSR stated, "(April 23, 2013 – 15 years = April 23, 1998)." (Addendum to PSR 1.) So, even by Petitioner's own admission, the stolen property offense should have been included in the criminal history calculation. Petitioner's claim, that the stolen property offense was erroneously included in the criminal history calculation, is utterly frivolous and, therefore, the Court denies relief.

### B. Certificate of Appealability

Lastly, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

5

taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED and the Court denies a certificate of appealability.

*/s/ Michael A. Shipp*
Michael A. Shipp, U.S.D.J.

Dated: 6/21/16